UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT LEE NORRIS, | ) | CASE NO. 5:06 CV 1213 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JULIUS WILSON, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On April 24, 2006, Robert Lee Norris filed a document entitled "Emergency Request for Constitutional and Civil Rights' Relief to Correct a Manifest Miscarriage of Justice" in the United States District Court for the Southern District of Ohio. The case was transferred to this court pursuant to a May 9, 2006 order, and was filed here on May 16, 2006. The document filed by Norris challenges his 1993 convictions for rape (2 counts) and kidnapping, and resulting current incarceration.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

The Supreme Court has held that when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 501 (1973).

A second or successive motion under section 2254 may not be filed without leave from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3). Norris previously filed a habeas corpus action in this court concerning his 1993 convictions. That case was dismissed on October 28, 2002, on the ground that the claims were procedurally defaulted and lacked merit in any event. See Norris v. Morgan, N.D. Ohio Case No. 5:01 CV 1676.

Accordingly, this case is dismissed pursuant to 28 U.S.C. § 1915A. To the extent he seeks relief in habeas corpus, Norris must obtain leave from the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: 26 July 2006